**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SCOTT PHILLIP LEWIS,

                                Plaintiff,

              v.

DESPOS, LLC, et al.,

                             Defendants.

No. 8:24-CV-00079
(AMN/CFH)

_____

**APPEARANCES:**

Scott Phillip Lewis
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER

## I. In Forma Pauperis

Plaintiff pro se Scott Lewis ("plaintiff")[1] purported to commence this action on

January 17, 2024, by filing a complaint.  See Dkt. No. 1 ("Compl.").  In lieu of paying this

---

[1] The undersigned notes that plaintiff is a particularly litigious individual who has filed numerous other actions that are presently pending in this District, as well as others.  See, e.g., Lewis v. Town of Elizabethtown, 8:24-CV-00535 (AMN/DJS) (N.D.N.Y. filed Apr. 18, 2024), Dkt. No. 5 (Report-Recommendation recommending dismissal pending review); Lewis v. Adirondack Med. Ctr., 1:24-CV-00376 (BKS/TWD) (N.D.N.Y. filed Mar. 19, 2024), Dkt. No. 4 (Report-Recommendation recommending dismissal pending review); Lewis v. Paymaster Payroll Sys., Inc., 8:24-CV-00121 (MAD/DJS) (N.D.N.Y. filed Jan. 25, 2024), Dkt. No. 9 (dismissing complaint and entering judgment in favor of the defendants); Lewis v. Walsh, 8:24-CV-00098 (GTS/CFH) (N.D.N.Y. filed Jan. 21, 2024); Lewis v. Essex Cnty., 8:24-CV-00100 (MAD/CFH) (N.D.N.Y. filed Jan. 19, 2024); Lewis v. R. L. Vallee, Inc., 8:24-CV-00069 (AMN/DJS) (N.D.N.Y. filed Jan. 16, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Affiliated Enter. Sol., LLC, 8:24-CV-00061 (BKS/DJS) (N.D.N.Y. filed Jan. 15, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Redline Hockey, LLC, 8:24-CV-00068 (BKS/DJS) (N.D.N.Y. filed Jan. 15, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Citizens

Court's filing fee, he submitted an application for leave to proceed in forma pauperis ("IFP").  See Dkt. No. 2.  The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2]

## II. Initial Review

## A. Legal Standard

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[3]  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  Praileau v. Fischer, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they

United, Inc., 8:24-CV-00029 (TJM/DJS) (N.D.N.Y. filed Jan. 8, 2024), Dkt. No. 22 (dismissing complaint with leave to amend); Lewis v. Adirondack Med. Ctr., 8:24-CV-00027 (BKS/DJS) (N.D.N.Y. filed Jan. 7, 2024), Dkt. No. 17 (dismissing complaint with leave to amend); Lewis v. Onondaga Cnty., 8:24-CV-00013 (GTS/DJS) (N.D.N.Y. filed Jan. 3, 2024), Dkt. No. 11 (Report-Recommendation recommending dismissal pending review); Lewis v. Franklin Cnty., 8:23-CV-01647 (DNH/CFH) (N.D.N.Y. filed Dec. 28, 2023), Dkt. No. 10 (Report-Recommendation recommending partial dismissal pending review); Lewis v. Essex Cnty., 8:23-CV-01636 (TJM/CFH) (N.D.N.Y. filed Dec. 26, 2023), Dkt. No. 9 (Report-Recommendation recommending dismissal pending review); Lewis v. Williamson Cnty., 1:24-CV-00461 (ADA) (W.D. Tex. filed Apr. 25, 2024); Lewis v. Williamson Cnty., 1:24-CV-00118 (ADA) (W.D. Tex. filed Jan. 29, 2024); Lewis v. Williamson Cnty., 1:21-CV-00074 (ADA/SH) (W.D. Tex. filed Jan. 25, 2021), Dkt. No. 152 (granting summary judgment in favor of the defendants and dismissing the plaintiff's claims with prejudice).

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

[3] These requirements apply to non-prisoner pro se litigants.  See N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam)

(internal quotation marks omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v.

Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to

count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a

court is obligated to construe his pleadings liberally.") (internal quotation marks and

citations omitted). Thus, the Court is not required to accept unsupported allegations

that are devoid of sufficient facts or claims. Although detailed allegations are not

required at the pleading stage, the complaint must still include enough facts to provide

the defendants with notice of the claims against them and the grounds upon which

these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell

Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S.

at 570; see Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.").

3

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).[4]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include "(1) a short and plain statement of the grounds for the court's jurisdiction . . .  and (3) a demand for the relief sought . . . ." FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

---

[4] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

4

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" <u>Flores</u>, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." <u>Gonzales v. Wing</u>, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Id.</u> (citations omitted).

### B. Plaintiff's Complaint

Plaintiff provides a detailed summary of his "[r]elevant [m]edical [h]istory,"[5] alleging that "[i]n November 2015, [he] was involved in a hit and run accident . . . in Austin, Texas[,] leaving [p]laintiff with a concussion and traumatic brain injury (TBI)." Compl. at 3, ¶13.[6]  "The police who were involved never followed up with [p]laintiff, seemingly attempting to cover up what happened." <u>Id.</u>  "After the 2015 hit and run incident, [p]laintiff experienced a progressive increase in attention-deficit/hyperactivity disorder ('ADHD') symptoms associated with the post-traumatic stress disorder ('PTSD')

---

[5] Plaintiff includes a nearly identical recitation in at least two of his other cases.  See <u>Lewis v. Franklin Cnty.</u>, 8:23-CV-01647 (DNH/CFH) (N.D.N.Y. filed Dec. 28, 2023); <u>see also</u> <u>Lewis v. Essex Cnty.</u>, 8:23-CV-01636 (TJM/CFH) (N.D.N.Y. filed Dec. 26, 2023).
[6] Citations are to the pagination generated by CM/ECF, located in the header of each page.

from the accident and lack of police professionalism, follow up and transparency." Id. at 3, ¶14.

"On January 25, 2019, [p]laintiff was arrested for driving while intoxicated in Williamson County, T[exas]." Compl. at 3, ¶15. "Selective, manipulated and edited portions of the arrest were broadcast to over a million viewers on a television show advertising the edited arrests they were broadcasting as 'unfiltered and unfettered,' when in fact, it was not." Id. "This show was called 'LivePD,' a hit television show that used law enforcement as entertainment[.]" Id. at 3, ¶16. "Plaintiff suffered an anxiety attack when learning upon the non-consensual broadcast of the arrest and had his left shoulder broken by Williamson County Jail Staff as a result of the panic attack." Id. at 3, ¶17. "Plaintiff was then strapped to an immobilized chair for hours, having his blood drawn while strapped to a chair with a broken shoulder for suffering an anxiety attack." Id.

"The criminal charges associated with [p]laintiff's driving while intoxicated arrest were dismissed for insufficient evidence on or around April 25, 2022." Compl. at 4, ¶18. Plaintiff initiated a civil lawsuit against Williamson County in the United States District Court for the Western District of Texas. See id.; see also Lewis v. Williamson Cnty., 1:24-CV-00118 (ADA) (W.D. Tex. filed Jan. 29, 2024); Lewis v. Williamson Cnty., 1:21-CV-00074 (ADA/SH) (W.D. Tex. filed Jan. 25, 2021).

"Plaintiff first had been an acquaintance of Scott Heggelke, at all times relevant to this lawsuit, owner of Defendant's Despos LLC and Caffe Rustica, since graduating high school in the same class" in 2008. [7] Compl. at 2, ¶8. "[O]n or around July 2021[,]"

---

[7] Plaintiff and Heggelke graduated from West Genesee High School in 2008. See Compl. at 2, ¶10. "Scott Heggelke's father is Scott K. Heggelke, current Skaneatelas, New York Chief of Police and a

"[p]laintiff and Scott Heggelke entered into a month to month oral lease agreement for an apartment in Lake Placid, New York[.]"  Id. at 4, ¶19.  "Plaintiff was employed by Affiliated Enterprise Solutions, LLC at this time in July 2021," and his employment continued "until on or around August 2022."  Id. at 4, ¶20.  Additionally, Heggelke "presented situations to [p]laintiff where a dishwasher was not available and asked [p]laintiff for assistance when no other dishwasher was available."  Id. at 4, ¶21.  "Plaintiff obliged in what he considered helping a high school friend" and, thus, he "would [also] work at Caffe Rustica, LLC at times [Heggelke's] dish washer was unavailable."  Id.

"On or around May 2022, [p]laintiff began [also] working at Despos, LLC d/b/a Dunny's, a restaurant in Lake Placid, New York, in addition to employment for Affiliated Enterprise Solutions, LLC and pursuing other self-employment opportunities."  Compl. at 4, ¶22.  Heggelke and Eden Elkasasny owned Despos, LLC d/b/a Dunny's.  See id. at 2, ¶¶8-9.  "When starting employment at Despos LLC, Eden Elkasasny . . . incorrectly entered [p]laintiff's bank account information into the payroll system."  Id. at 4, ¶23.  "Even though [p]laintiff provided the correct banking information, [p]laintiff was not 'on the books' during the first week of employment, due to error by . . . Eden Elkasasny."  Id. at 4-5, ¶24.  "Upon information and belief, this error was intentionally made to violate [p]laintiff's employment rights."  Id. at 5, ¶25.

"On or around November 16, 2022, [p]laintiff was asked to work at Caffe Rustica, LLC after Scott Heggelke told [p]laintiff that his previous dishwasher quit and needed immediate assistance."  Compl. at 5, ¶26.  "Plaintiff asked Caffe Rustica, LLC owner

---

veteran of the New York State Police for more than three decades."  Id. at 2-3, ¶11.  "Scott Heggelke's brother is Jason Heggelke, a current New York State Trooper."  Id. at 3, ¶12.

Scott Heggelke to make sure [p]laintiff was 'on the books' to ensure employer rights."
Id. at 5, ¶27.  "Instead of taking immediate action, [Heggelke] did not put [p]laintiff on the books as requested by [p]laintiff."  Id. at 5, ¶28.  "Plaintiff left on the job on the same night after [Heggelke] failed to take action on [p]laintiff's requests which left [p]laintiff dangerously liable for any injury incurred on the job."  Id. at 5, ¶29.

"In February 2023, [p]laintiff and Scott Heggelke met regarding the back payment in rent regarding [p]laintiff's lease with Scott Heggelke."  Compl. at 5, ¶30.  "At Scott Heggelke's request, [p]laintiff met at Starbucks in Lake Placid, New York in February 2023."[8]  Id.  "During the discussion at Starbucks regarding rent payment and how to proceed moving forward, Scott Heggelke got up and walked out of the discussion with [p]laintiff."  Id. at 5, ¶31.  "Scott Heggelke evicted [p]laintiff in April 2023."[9]  Id. at 5, ¶32.  "Dunny's closed permanently in June 2022."  Id. at 5, ¶34.

## C. Analysis

The undersigned has liberally construed plaintiff's allegations in light of his pro se status.  See, e.g., Torres v. Carry, 800 F. Supp. 2d 577, 582 (S.D.N.Y. 2011) ("[W]here, as here, a party appears pro se, courts must construe pro se pleadings broadly and interpret them 'to raise the strongest arguments that they suggest.'") (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996), and citing Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  As asserted in his complaint, plaintiff brings this action against

---

[8] "During this meeting, [p]laintiff told Scott Heggelke how he was given medication for schizophrenia by Citizen Advocates, Inc. despite not being diagnosed with such a condition in January 2022."  Compl. at 7-8, ¶54.  "A person known to both Scott Heggelke and [p]laintiff told [p]laintiff on or around March 2023 that Scott Heggelke told him he was diagnosed with schizophrenia."  Id. at 8, ¶55.  "Thus, upon information and belief, Scott Heggelke made the statement that [p]laintiff was diagnosed with schizophrenia although it was not true."  Id. at 8, ¶56.
[9] "The eviction is awaiting a decision from Essex County, New York County Court Judge Richard Mayer (CV23-0321)."  Compl. at 5, ¶33.

Despos, LLC; Caffe Rustica, LLC; Scott Heggelke; and Eden Elkasasny,[10] pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.  See generally Compl.  Plaintiff also brings a state law tort claim against Scott Heggelke for defamation.  See id. at 7-8.

## 1. FLSA Claims

Congress enacted the FLSA to "protect workers and ensure that they are not subjected to working conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being.'"  Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 243 (2d Cir. 2011) (quoting 29 U.S.C. § 202(a)).  "In furtherance of this goal, the FLSA imposes numerous 'wage and hour' requirements, including an overtime provision that requires employers to pay non-exempt employees time-and-a-half for each hour worked in excess of forty hours per week."  Nqadolo v. Care at Home, LLC, No. 3:22-CV-612 (KAD), 2024 WL 1330761, at *6 (D. Conn. Mar. 28, 2024) (citing 29 U.S.C. § 207(a)(1)); see Helix Energy Sols. Grp., Inc. v. Hewitt, 598 U.S. 39, 44 (2023).  "If an employer violates the FLSA's wage provisions, then the employer is liable for any unpaid compensation."  Nqadolo, 2024 WL 1330761, at *6 (citing 29 U.S.C. § 216(b)).

"The FLSA also imposes certain record keeping requirements on employers, mandating that they 'keep and preserve' certain records regarding 'wages, hours, and other practices of employment.'"  Whatley v. Phillips, No. 2:22-CV-03528 (RMG/MGB),

---

[10] Although plaintiff makes references to "Essex County Defendant" and "Lake Placid Defendant" within his complaint, these references appear to be typographical errors as plaintiff has a separate, unrelated case pending against Essex County and the Village of Lake Placid.  Compl. at 9, ¶64; see Lewis v. Essex Cnty., 8:23-CV-01636 (TJM/CFH) (N.D.N.Y. filed Dec. 26, 2023).  He does not appear to seek to pursue any claims against Essex County or Lake Placid in this action.  See generally Compl.

2024 WL 2702556, at *3 (D.S.C. May 6, 2024) (quoting 29 U.S.C. § 211(c), and 29

C.F.R. § 516.5), report and recommendation adopted, 2024 WL 2786779 (D.S.C. May

29, 2024).[11]  Specifically, "FLSA § 215 makes it 'unlawful' to violate the record keeping

provision set forth in FLSA § 211(c)."  Ayala v. Looks Great Servs., Inc., No. 14-CV-

6035 (ADS/SIL), 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015).  However, "[t]hough

a violation is 'unlawful,' courts have repeatedly found that the FLSA does not authorize

employees to bring a private action against an employer for failure to abide by the

record-keeping requirements of [§] 211(c)."  Id.  "Rather, that authority is vested

exclusively with the Secretary of Labor."  Id. (citing Elwell v. Univ. Hospitals Home Care

Servs., 276 F.3d 832, 843 (6th Cir. 2002) ("Under 29 U.S.C. § 216(b), an employee may

bring a private action against an employer for unpaid overtime or minimum wages.  This

provision does not authorize employee suits for violations of the FLSA's recordkeeping

requirements.  Authority to enforce the Act's recordkeeping provisions is vested

exclusively in the Secretary of Labor.")) (additional citations omitted); see Bi v. Xia, No.

3:18-CV-23 (JAM), 2023 WL 4684828, at *7 (D. Conn. July 21, 2023) ("§ 211(c) of the

FLSA requires covered employers to 'make, keep and preserve . . . records' of their

employees.  But '[t]here is no private right of action to enforce 29 U.S.C. § 211(c).'")

(quoting Fuk Lin Pau v. Jian Le Chen, No. 3:14-CV-841 (JBA), 2015 WL 6386508, at *6

(D. Conn. Oct. 21, 2015)).

---

[11] "Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder."  29 U.S.C. § 211(c).

Here, plaintiff specifically alleges that "[t]he records kept by Despos, LLC, Scott Heggelke and Eden Elkasasny are not in compliance of 29 U.S.C. § 211(c)."  Compl. at 6, ¶39.  Plaintiff asserts that his "requests to get accurate employment records and confirmation of the employment start date and end date have gone without answer," as Heggelke and Elkasasny "are unable to provide employment records because they are in violation of the [FLSA]." Id. at 6, ¶¶40-41.  Similarly, with regard to his employment at Caffe Rustica, plaintiff claims that he "asked to be added to payroll and be afforded employment protection under State law"; yet Caffe Rustica, Heggelke, and Elkasasny "did not maintain records of [his] employment." Id. at 7, ¶¶46-47.  Plaintiff claims that "by not keeping accurate records pursuant to Federal law, [he] has been damaged" by Despos, Caffe Rustica, Heggelke, and Elkasasny. Id. at 7, ¶49.

Even liberally construing plaintiff's allegations, he fails to state a claim under the FLSA. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).  The undersigned notes that plaintiff does not allege that he "'is owed unpaid minimum wages, or unpaid overtime compensation as a result of a minimum-wage or overtime violation.'" Jordan v. Dep't of Correction, No. 3:23-CV-855 (VAB), 2023 WL 6541585, at *12 (D. Conn. Oct. 6, 2023) (quoting Aguila v. Corp. Caterers II, Inc., 199 F. Supp. 3d 1358, 1359 (S.D. Fla. 2016), aff'd sub nom. Aguila v. Corp. Caterers IV, Inc., 683 F. App'x 746 (11th Cir. 2017)); see Lewis v. Affiliated Enter.

Sols., LLC, No. 8:24-CV-61 (BKS/DJS), 2024 WL 2058538, at *2 (N.D.N.Y. Feb. 20, 2024) (dismissing the plaintiff's FLSA claim upon § 1915 review because the plaintiff did "not claim, for example, that he was not paid the required minimum wage or was denied overtime benefits, common [FLSA] claims"), report and recommendation adopted sub nom. Lewis v. Affiliaated Enter. Sols., LLC, 2024 WL 1652460 (N.D.N.Y. Apr. 17, 2024).[12]  Instead, plaintiff claims that Despos, Caffe Rustica, Heggelke, and Elkasasny violated FLSA's recordkeeping provision by failing to adequately "make, keep, and preserve" his employment records.  29 U.S.C. § 211(c); see Compl. at 6-7.  However, as discussed above, "there is no private right of action for the failure to keep required employment records" under the FLSA.  Vengurlekar v. Silverline Techs., Ltd., 220 F.R.D. 222, 230 n.8 (S.D.N.Y. 2003); see Cunningham v. Elec. Data Sys. Corp., 579 F. Supp. 2d 538, 543 (S.D.N.Y. 2008) ("[T]here is no private right of action to enforce . . . the FLSA's record-keeping provisions"); see also Mariano v. Town of Orchard Park, No. 09-CV-916S, 2011 WL 5979261, at *3 (W.D.N.Y. Nov. 27, 2011) ("[The plaintiff] cannot assert a stand-alone cause of action for a record keeping violation.") (citations omitted); Berndt v. City of Los Angeles, No. CV 11-08579 (GAF/AJWX), 2012 WL 12920839, at *5 (C.D. Cal. May 31, 2012) ("Only the Secretary of Labor is authorized to bring suit for violations of the [FLSA]'s record-keeping provisions [and v]irtually every court that has addressed the issue has found that this authorization does not extend to private

---

[12] If plaintiff were seeking to allege "a violation of the FLSA's minimum wage and/or overtime provisions, [he would have to] allege that [he was] employed by the defendant[s]; that [he was a] covered employee[ ]; that [he was] either not compensated for all hours worked at a rate equal to or greater than the applicable minimum wage and/or worked more than forty-hours per week and [was] not compensated at a rate of 1.5 times [his] regular rate for each hour worked above forty hours per workweek; and that no statutory exemptions apply."  Whatley, 2024 WL 2702556, at *4 (citations omitted).  However, plaintiff has not made any such allegations in his complaint.  See generally Compl.

plaintiffs.").  Thus, it is recommended that plaintiff's FLSA claims against Despos, Caffe Rustica, Heggelke, and Elkasasny be dismissed.

### 2. Subject Matter Jurisdiction

Given the foregoing, plaintiff's purported complaint fails to establish this Court's subject matter jurisdiction.  See Compl.  Subject matter jurisdiction can be established either through federal question or diversity jurisdiction.  Under 28 U.S.C. § 1331, a case "arising under the Constitution, laws, or treaties of the United States[]" is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State, and the amount in controversy is more than $75,000, is a diversity case.  If the Court has subject matter jurisdiction over federal claims, the Court may choose to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .").

"[D]ismissals for lack of subject matter jurisdiction 'must be without prejudice, rather than with prejudice.'"  Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016)).  "When subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case,' and accordingly 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'"  Id. (citation omitted); see Katz v. Donna Karan Co., LLC, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject

matter jurisdiction[.]"); see also Hamza v. Sollenberger, No. 1:23-CV-355 (MAD/CFH), 2023 WL 7001443, at *6 (N.D.N.Y. Sept. 13, 2023) (dismissing the plaintiff's complaint without prejudice where the plaintiff failed to establish subject matter jurisdiction), report and recommendation adopted, 2023 WL 8108606 (N.D.N.Y. Nov. 21, 2023).

Plaintiff's civil cover sheet indicates the basis for jurisdiction of this matter is federal question jurisdiction. See Dkt. No. 1-1 at 1. However, plaintiff has failed to state a claim for relief under the FLSA; therefore, he has not established federal question jurisdiction. See generally Compl.; see also supra Subsection II.C.1. Similarly, plaintiff has not purported to sue a citizen of a different state; therefore, diversity jurisdiction does not exist.[13] See Compl. 1-2. Accordingly, as plaintiff has not established this Court's jurisdiction, it is recommended that his complaint be dismissed without prejudice. See Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

### 3. State Law Claim

Plaintiff also seeks to bring a state law defamation claim against Heggelke for making "defamatory statements" that "[p]laintiff was diagnosed with schizophrenia" even though "it was not true." See Compl. at 7-8.; see also supra note 8. "Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims." Passero v. Schulz, No. 1:17-CV-1296 (TJM/CFH), 2018

---

[13] Plaintiff states that Despos and Caffe Rustica are located in Lake Placid, New York, and Heggelke and Elkasasny also reside in Lake Placid, New York. See Compl. at 1-2.

Case 8:24-cv-00079-AMN-CFH   Document 7   Filed 06/05/24   Page 15 of 18

WL 2926292, at *4 (N.D.N.Y. Feb. 1, 2018) (citing Block v. First Blood Assocs., 988

F.2d 344, 351 (2d Cir. 1993), and Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994)),

report and recommendation adopted sub nom. Passero v. Schultz, 2018 WL 2926295

(N.D.N.Y. June 7, 2018); see Lawler v. ViaPort New York, LLC, No. 1:19-CV-548

(GLS/CFH), 2019 WL 2717900, at *3 (N.D.N.Y. June 28, 2019) (recommending, upon

§ 1915 review, that the Court decline to exercise supplemental jurisdiction over the

plaintiff's state law claim where the plaintiff failed to "set forth a valid federal law claim"),

report and recommendation adopted, 2019 WL 6134180 (N.D.N.Y. Nov. 19, 2019).

Thus, as there exists no valid federal claim, it is recommended that the Court

decline to exercise supplemental jurisdiction over plaintiff's state law claim.  See

Passero, 2018 WL 2926292, at *4 ("As plaintiff's complaint currently fails to demonstrate

the involvement of a federal question, and, thus, fails to demonstrate this Court's

jurisdiction, it is recommended that this Court also decline to exercise jurisdiction over

plaintiff's potential state law claim.") (citing Kaminski v. Commissioner of Oneida Cnty.

Dept. of Soc. Services, 804 F. Supp. 2d 100, 107 (N.D.N.Y. 2011), and 28 U.S.C. §

1367(c)(3)).


### III. Leave to Amend

Generally, in cases involving pro se plaintiffs, a court should not dismiss a

complaint without granting leave to amend "at least once" "when a liberal reading of the

complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927

F.2d 698, 704-05 (2d Cir. 1991).  However, an opportunity to amend is not required

where "the problem with [the plaintiff's] causes of action is substantive" such that "better

pleading will not cure it."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also

Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course,

where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint

should be dismissed with prejudice.").  "[L]ack of subject-matter jurisdiction is generally

viewed as a substantive defect."  Planck v. Schenectady Cnty., No. 1:12-CV-0336

(GTS/DRH), 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012).

　　As plaintiff has not established subject matter jurisdiction, it is recommended that

his complaint be dismissed without prejudice.[14, 15]  See McKie v. Kornegay, No. 21-

1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) (summary order) ("A dismissal

for lack of subject matter jurisdiction must be without prejudice, because 'without

jurisdiction, the district court lacks the power to adjudicate the merits of the case.'")

(quoting Carter, 822 F.3d at 54-55).  However, as "leave to amend would be futile as the

defects in plaintiff's claims cannot be cured with a better pleading as the problems are

substantive," it is further recommended that his complaint be dismissed without leave to

amend.  Vazquez v. Times Union Newspaper, No. 1:21-CV-1359 (DNH/CFH), 2022 WL

837474, at *4 (N.D.N.Y. Mar. 1, 2022) (citing Cuoco, 222 F.3d at 112, and Ruffolo v.

---

[14] As discussed, is recommended that dismissal be without prejudice solely due to this Court's lack of subject matter jurisdiction.  See supra Subsection II.C.2.  In the alternative, for the reasons discussed supra, it is recommended that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.  See discussion supra Subsection II.C.1; see also Wallace v. Conroy, 945 F. Supp. 628, 639 (S.D.N.Y. 1996) ("[A] court should exercise its discretion to dismiss with prejudice 'where a plaintiff is unable to allege any fact sufficient to support his claim.'") (quoting Cortec, 949 F.2d at 48-49); Pittman v. Johnson, No. 1:22-CV-1372 (GTS/ML), 2023 WL 3260189, at *4 n.4 (N.D.N.Y. Mar. 28, 2023) (recommending dismissal of the plaintiff's claim without prejudice and without leave to replead for lack of subject matter jurisdiction, and alternatively recommending that the plaintiff's claim be dismissed for failure to state a claim upon which relief may be granted), report and recommendation adopted, 2023 WL 3253865 (N.D.N.Y. May 4, 2023).

[15] Specifically, it is recommended that the dismissal be without prejudice to plaintiff's ability to commence an action in an appropriate state court, should he wish to do so.  The undersigned makes no comment as to the success of claim, or the ability to bring such claim, in state court.  See Vazquez, 2022 WL 837474, at *4 n.5.

Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)), report and recommendation adopted, 2022 WL 833370 (N.D.N.Y. Mar. 21, 2022); see, e.g., Koziel v. City Ct. of Yonkers, 351 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming sua sponte dismissal of the pro se plaintiff's complaint without leave to amend due to lack of subject matter jurisdiction and, alternatively, for failure to state a claim, finding "no possibility in this case that even an amended complaint would succeed in stating a valid claim"); Shidagis v. Citgo Gas Station, No. 3:23-CV-0192 (DNH/ML), 2023 WL 2634067, at *4 (N.D.N.Y. Mar. 6, 2023) (recommending dismissal without prejudice and without leave to amend, because the plaintiff failed to establish subject matter jurisdiction and "leave to amend would be futile"), report and recommendation adopted, 2023 WL 2631890 (N.D.N.Y. Mar. 24, 2023).

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's claims against Despos, LLC, Caffe Rustica, LLC, Scott Heggelke, and Eden Elkasasny be **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction; and it is further

**RECOMMENDED**, that, in the alternative, plaintiff's claims against Despos, LLC, Caffe Rustica, LLC, Scott Heggelke, and Eden Elkasasny be **DISMISSED WITH**

**PREJUDICE AND WITHOUT LEAVE TO AMEND** for failure to state a claim upon

which relief can be granted;[16] and it is

      **ORDERED**, that the Clerk serve a copy of this Report-Recommendation and

Order in accordance with Local Rules.

      **IT IS SO ORDERED**.

      Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within

which to file written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette,

984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[17]

      Dated:  June 5, 2024
              Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[16] See discussion supra note 14.

[17] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).