**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SCOTT PHILLIP LEWIS,

                Plaintiff,

v.                                                        8:24-cv-00079 (AMN/CFH)

DESPOS, LLC, *et al.*,

                Defendants.

---

**APPEARANCES:**                                         **OF COUNSEL:**

**SCOTT PHILLIP LEWIS**
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I. INTRODUCTION**

On January 17, 2024, Plaintiff *pro se* Scott Phillip Lewis filed a complaint alleging violations of the Fair Labor Standards Act ("FLSA") and New York State law against Defendants Despos, LLC d/b/a Dunny's, Caffe Rustica, LLC, Scott Heggelke, and Eden Elkasasny ("Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 7.

This matter was referred to United States Magistrate Christian F. Hummel, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on June 5, 2024, recommended that the Complaint be dismissed, either without prejudice and without leave to amend for lack of subject matter jurisdiction, or with prejudice and without leave to amend for failure to state a claim upon

which relief can be granted.  Dkt. No. 7 ("Report-Recommendation").  Magistrate Judge Hummel advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 18.[1]  After requesting and receiving an extension of time to file objections, Plaintiff did so.  Dkt. Nos. 8-10.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition).  Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error.  *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for

purposes of this decision.

Construed liberally, Plaintiff's submission objecting to the Report-Recommendation raises four arguments:  (i) Magistrate Judge Hummel erred in finding that Plaintiff had failed to state a claim under the FLSA; (ii) Plaintiff should receive the opportunity to amend the Complaint; (iii) Plaintiff's state law claims should be reviewed *de novo*; and (iv) Plaintiff's requested summonses should have been issued when he commenced this action in January 2024.  Dkt. No. 10, at 2-5.  The Court addresses each argument in turn.

As detailed at length in the Report-Recommendation, Plaintiff's FLSA claim is that Defendants violated a recordkeeping provision of the FLSA.  Dkt. No. 7 at 9-13; *see also* 29 U.S.C. § 211(c).  Magistrate Judge Hummel analyzed numerous court decisions in determining that no private right of action exists for such a claim.  *See, e.g., Ayala v. Looks Great Servs., Inc.*, No. 14-cv-6035, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015) ("[C]ourts have repeatedly found that the FLSA does not authorize employees to bring a private right of action against an employer for failure to abide by the record-keeping requirements of [FLSA] Section 211(c).").  Plaintiff's objection is that the legal authority upon which Magistrate Judge Hummel relied is from courts that "misapplied the law with broken logic."  Dkt. No. 10 at 2.  Plaintiff cites no caselaw in support of his position.  Plaintiff goes on to argue, in conclusory fashion, that he has stated a claim under Section 211(c) and that this Court has jurisdiction over such a claim.  Following *de novo* review, the Court concludes that the Report-Recommendation correctly found that Plaintiff failed to state a valid FLSA claim and, further, that the absence of a federal claim divests this Court of subject matter jurisdiction in this non-diverse action.  Dkt. No. 7 at 9-15; *see also* 28 U.S.C. § 1332.

Plaintiff's second argument is that "there has always [sic] an intention to amend the original complaint with additional context" and that he should now receive the opportunity to amend.  Dkt.

4

No. 10 at 4.  Plaintiff does not specify the nature of the "additional context," nor does the docket reflect any request from Plaintiff to amend the Complaint.  Following *de novo* review, the Court concludes that the Report-Recommendation correctly found that leave to amend would be futile given the absence of subject matter jurisdiction.  Dkt. No. 7 at 15-17.

Plaintiff's third argument is that his "state law claims were erroneously not properly analyzed."  Dkt. No. 10 at 5.  Following *de novo* review, the Court concludes that supplemental jurisdiction is not appropriately exercised here, for the reasons correctly set forth in the Report-Recommendation.  Dkt. No. 7, 14-15; *see also* 28 U.S.C. 1367.

Plaintiff's final argument concerns the issuance of his requested summonses.  Dkt. No. 10 at 3.  However, the summonses were not addressed within the Report-Recommendation.  *Compare* Dkt. No. 7*, with* Dkt. Nos. 5-6.  Because the summonses are not a finding or recommendation to which objections can be made, and because the issuance of summonses is unnecessary in light of this Court's determination, this argument is rejected as moot.[2]

Accordingly, the Report-Recommendation is adopted in its entirety.

IV.  **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and without leave to amend**; and the Court further

---

[2] Similarly, the Court denies as moot Plaintiff's pending letter request regarding the summonses. Dkt. No. 11.

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: July 11, 2024
      Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.